Good morning, Your Honors. Eric Kirsten on behalf of the appellant Michael McEnry. This is a solely a sentencing issue being presented in this appeal. Mr. McEnry was charged with operating as an airman without an airman certificate. In other words, he piloted a private plane without a license that entitled him to do so. It was quite a trip, huh? It was quite a trip. Under the Guidelines, there's no Chapter 2 Guidelines section that applies specifically to this offense. For that reason, the Guidelines direct that under 2X5.1, the court engage in a two-step process to determine the appropriate Guidelines section. The first is to determine which Guidelines are sufficiently analogous to be considered as the most analogous Guidelines from among the sufficiently analogous Guidelines. And when that was done, did the judge take a look at 2B1.1? He did not. Did either your office or the prosecution take a look? Yes, I did. I argued for application of 2B1.1, but the court did not address that directly. So the court knew of the existence of at least two analogous Guidelines sections that could be used? Yes, that was included in my sentencing memorandum. Right. So the difficulty I'm having with your argument is that once the court knows of two potential Guideline provisions that might fit, why can't the court look at the relevant conduct to determine which of those two most aptly apply? Well, the problem is that the section that the court selected, 2A5.2, which was advanced by the government, is not sufficiently analogous to be considered among the universe of sufficiently analogous Guidelines. Well, the case law says that the determination is based on the comparison of elements of offenses that are covered by specific Guidelines sections with the actual conduct charged in the count of conviction. Here, the count of conviction, while there is an The count of conviction provided only that Mr. McHenry piloted an airplane without a license. There was nothing else there. When he pled guilty to the offense, he didn't admit any further conduct. What he admitted is that he flew a plane and that he didn't have a license to do so. So that was the only conduct alleged in the count of conviction. That was the only conduct admitted by Mr. McHenry. And in selecting the Guidelines section, the court even noted that 2A5.2 really wasn't that analogous, but based on the overall conduct, he was going to select 2A5.2. So while he The court didn't address your suggestion at all? It did not. It was totally ignored. The court didn't give a reason for rejecting your offer? No, it did not. It just based its sentence on relevant conduct, as best I could tell. But the court didn't indicate that it would be using 3553A to make sure that the sentence was a fair one. Well, the court did consider the 3553A factors. The court selected 2A5.2 as the guideline it chose to use in this case. And again, its language that it was based on all the conduct, even though it didn't really apply that directly to the conduct set forth in the count of conviction. And based on that, there was a range of 18 to 24 months. And the court Did the court say in so many words that the reason it chose the other guideline was because of the relevant conduct, the uncharged conduct? Yeah. I believe it did. I mean, without actually saying that it was relevant conduct, that it thought the factual situation was analogous. I cited it in the facts in my opening brief. But what the court stated was that the 2A5.2 didn't really fit that closely, but based on all the conduct, that's the guideline he was going to select. So it's your position that that's where the court erred in considering the conduct Correct, Your Honor. As opposed to just the elements of the charged offense versus the guideline. Correct, Your Honor. The conduct is considered only after the sufficiently analogous guidelines are chosen. And it's our position that Based only on the elements. Correct. Elements or if there was admitted conduct in the factual basis to the plea agreement, that could also be considered. Wait a minute. Your position that the relevant conduct can be considered only after the initial guideline is selected? Is that what you're saying? Yes, Your Honor. But consider for what? Like for an enhancement or something like that? Well, no. In terms of 2X5.1, it's a two-step process. First, the court must choose the sufficiently analogous guidelines if more than one exists, or if there are none, then it proceeds directly to 3553. So you're saying that at the second step, if there is more than one sufficiently analogous guideline provision, then the court can look at the relevant conduct to see which fits better? Correct. Correct, Your Honor. Then what standard of review should we be using here then? I believe it's de novo review because the elements. It's an element and it's a legal issue of whether the guidelines were sufficiently analogous. The Fourth, Eighth and Tenth Circuits have all considered this specific issue. All have chosen de novo review. But what about the Ninth? The Ninth hasn't focused on this issue in regards to 2X5.1. It has in the cases of Takahashi and Lawton. Those were cases that were drug cases and there was a consideration of whether they should be sentenced under the provision for dealing drugs near a protected zone. The language in those cases and the logic of those cases certainly indicates that the initial selection of the guideline is based solely on charged conduct. And then enhancements in that case are based on relevant conduct. So while the Ninth Circuit hasn't specifically considered 2X5.1, the language and logic and analysis in Takahashi and Crawford, which I cited in my case, strongly indicate that only charged conduct should be considered in selecting the sufficiently analogous guidelines. So this would be the first precedent in the Ninth Circuit, then? Yes, Your Honor. Do you want to stay some time for rebuttal? Yes, I would like to. All right. Thank you, counsel. We'll hear from the government. Good morning, Your Honors. My name is Karen Escobar. I represent the United States. Were you trial counsel? I was. The defendant never addresses substantive reasonableness on his appeal. He's not contesting that the sentence was not reasonable on substantive grounds. The word we've been using is not reasonable on substantive grounds. So you're saying that that two-step process doesn't really have to be followed as long as you have a reasonable sentence after looking at 3553A? Well, although I didn't argue it extensively in our brief, we believe that the error any – if there was error, and we're not saying that there was, we agree with the district court's assessment of the most analogous guideline, but any error was harmless. But it can't be harmless if there is procedural error. Our cases say that if there is procedural error, then we have to remand it, because if the district court didn't choose the correct guideline in the first instance, that affects the entire sentence. Your Honor, I would suggest, and I just cited to a – I supplied a 28J letter just recently, a couple days ago, citing to the Hill case out of the Seventh Circuit, decided July 5th of this year, which does apply a harmless error analysis. Not the Ninth, though. The Seventh. It hasn't – the Ninth Circuit hasn't considered harmless error. But I would suggest that a harmless error analysis would apply, because the district judge made it clear in this case, and our district judge was Senior District Judge Oliver Wanger, who has been a district judge for quite some time in our district. Even before the guidelines, huh? Before the guidelines, before Booker. Well, not before the guidelines. I think he came to our court when the guidelines were in place, but he certainly – he's been there since the early 90s. And did he take a look at 2B1.1? He considered it. It was in the – the defendant essentially made the same arguments that he's making on appeal. He cited to the same guidelines that he believed were the most analogous. But don't you agree that 2B1.1 is the most analogous? No, I don't think it is based on a conduct approach. And the conduct approach was recognized by the Tenth Circuit in the – By which circuit? The Tenth Circuit. Yeah, but our cases are pretty straightforward in saying you cannot – the sentencing judge cannot consider irrelevant conduct in applying – in arriving at the initial guidelines, right? Takahashi and Crawford are both just flat-out saying that that's wrong. In Fisher, which was decided by this Court in 1998, the Court said that the most analogous offense will vary depending on the circumstances of the case. So I do believe that this Court has recognized a relevant conduct approach in assessing what is the most analogous guideline. But that can't – that kind of vague language can't, you know, override a specific statement in the case that says the sentencing court cannot consider irrelevant conduct in arriving at the guideline, period. Your Honor, even if we did look at the face of the – What are we supposed to – are we supposed to ignore Takahashi and Crawford? No, but if we look at the face of the indictment in this case, the allegation being the defendant willfully served as an airman without an airman certificate or pilot license. Right. All he did was not – all he's charged with is flying without a license. And all this conduct that Judge Wanger, who's a good judge, relied on, was not charged. If you look at the legislative history that I've gone through – No, but look at the cases. What does the Ninth Circuit cases say? But the legislative history of the statute itself, he – flying without an airman certificate is more than just a regulatory offense.  The question is, you know, what are the elements of the offense and which guideline is closest to those elements? Right? If the court looks – if you applied the indictment approach, face of the indictment approach, that's what our cases say. To do in determining the initial guideline range. And if you look at the definition of airman certificate, requires having medical certification, which the defendant did not have. Requires a physical aptitude, periodic testing, extensive qualifications. But that's all implied in getting an airman's license. So he didn't have a license, for whatever reason. The reasons for having an airman's license. He could have been stupid. He could have been, you know, some kind of a debilitating disease. He could be, you know, illiterate, whatever it is. You know, he just didn't have a license. That's all the charge is. And the reason that Congress required the FAA to enact regulations, and the reason Congress enacted this particular statute was to ensure safety of the airways. Right. Which is what we're maintaining. But if you wanted to have him sentenced for operating an aircraft recklessly, why wasn't that charged? There was no specific charge regarding that. This was the only applicable statutory offense that existed federally. There is no flying under the influence. It appeared he was flying under the influence of something the Court recognized. There is no flying under the influence operating a private plane without a license. So to be 1.1 would be the one most analogous to the simple charge that was brought. Well, I don't believe so under both approaches, face of the indictment. Airman's certificate implies having qualified to operate a license safely, which I believe relates to the analogous guideline that the Court chose, which relates to recklessness, which was the legislative history behind the enactment of this particular crime to ensure the safety of the airways. So does it really make any difference whether the judge chose the most analogous as long as he chose one that was somewhat analogous? Sufficiently analogous. And if there was not a sufficiently analogous guideline, the Court is to fall back on the 3553A factors. And is that what the judge said he was doing? Absolutely. Well, he indicated that he specifically, and I found the part in the transcript, it's at the SER 237, he states the only guideline that is particularly close in terms of conduct is the guideline he chose. But he did it in terms of conduct, not in terms of the charges. That's the problem. Legally, is that he – I mean, our cases say that you have to choose the closest guideline in terms of the charged conduct, not the relevant conduct. That's the difficulty that we – that I have with the argument you're making. Well, I believe under both, again, face of the indictment and the relevant conduct approach, both approaches recognized in Nichols in the Tenth Circuit. I believe under both approaches, the Court chose the most analogous. But if the Court does not agree, we fall back on – there was no sufficiently analogous guideline to fall back on 3553A factors, and the Court did an extensive analysis. But that can't be true when you have a guideline that specifically talks about flying without certification. There's no – no guideline that specifically talks about it. The guideline the defense would have the court apply is the larceny, the false certification. But under there, there's reference to flying without certification. Not for this particular offense, for common carrier. Let me, Ms. Escobar, get back to your – I'll call it your ultimate fallback argument, which is the harmless error. Yes. You didn't argue that in your brief, did you? I did not, but the Hill case just came out July 5th. The brief was submitted in March. And I do believe harmless error is – that analysis is gaining some force in some of the circuits. It was noted in a footnote, in another circuit. But I believe it would be appropriate to – Did you mention that in your letter? The letter was very brief, and it just stated harmless error was recognized by the case. Well, is the Seventh Circuit the only circuit that recognizes harmless error in this procedural context?  Do you know? I just submitted a very quick 20HA letter, but it would serve to conserve judicial resources. The judge made it clear that he felt a 21-month sentence was appropriate, given the totality of the circumstances. Sure, he did. But, you know, but as Judge Rawlinson remarked, under our case law, if there is procedural error in the sense of not, you know, calculating the initial guideline correctly, and I think our case requires a remand so he can, like, start all over from the right place. But we'll see. But, you know, I asked you about the harmless error because I'm not – and I've never heard of it in the sentencing context, particularly with the Ricardi case, which says if there's procedural error, you have to send it back. But I'll think about it, certainly. I would urge the Court to apply a harmless error analysis if the Court does not find that the judge properly found the most analogous guideline to be the guideline that he used. But what's the problem? Suppose it goes back and he follows the proper procedure, according to Takahashi and the other cases here, and then, using 3553A, comes to the same result. What difference does it really make, except that he's doing it properly? He can come to the same result. His sentence was well below the 3-year maximum penalty that – So you're just saying that to conserve judicial economy resources that – We believe any error – Should just affirm. May be considered harmless. Amoline remand is not necessary. I know the Court's – The judge may reconsider. Once the guideline range is calculated properly, he may reconsider and say, well, since the guideline range is lower, I'm going lower. We never know. And that's why we send it back to the judge to do it properly. All right, counsel, you've exceeded your time. Thank you. Thank you. Rebuttal. I would just like to briefly address the harmless error question, unless the judge has specific issues. The case the government cited in the 28J letter is Hill out of the Seventh Circuit. It should be the remaining time, Madam Clerk. Anyway, the case that was cited is Hill out of the Seventh Circuit. In that case, the guidelines were actually correctly calculated. The case says in dicta that even if they hadn't have been correctly calculated, that they would have found harmless error. It relies on prior Seventh Circuit precedent, Anderson and Abbas, for the proposition that harmless error can be considered if the wrong guideline is chosen. So for the Seventh Circuit, it's not a new concept. It's not a new concept. And, in fact, both of those cases predate. They come after Cardi, but they predate. There's three recent Ninth Circuit cases that says harmless error doesn't apply in that regard. There's Munoz-Camarino, 631, F-3rd 1028, Coronado, 603, F-3rd 706, and Brooks, 610, F-3rd 1186. All three of those are published Ninth Circuit cases that were issued subsequent to the Seventh Circuit precedent in that regard. And I think also that the Court didn't say that if the guideline — it didn't matter what the guidelines were. That was the sentence he was going to impose. What he said is that the guideline range is 18 to 21 months, and I see no reason to depart from the guideline range. And he jumped right in the middle of the guideline range. So I think that even if the harmless error standard was used, that it wouldn't be sufficient to find harmless error here, because the Court didn't say that it doesn't matter what — whether this is the right guideline range or not. This is the sentence that's appropriate. So your belief is that if it goes back and he uses the two-step procedure and the proper guideline to be 1.1, that he'll still sentence within that proper set of guidelines? Well, I've had many, many, many cases in front of Judge Wainter, and I know his inclination is to go with the guideline range. He considers the first 553 factors, but it's an uphill battle to get him to go outside the guideline range. And the guideline range would be substantially lower with the correctly calculated guideline range. All right. Thank you, counsel. Thank you to both counsel.
judges: Tashima, Rawlinson, Cjj Hatter (C. Cal.), Dj